## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **GWENDOLYN JONES,** | * | |
| Plaintiff | * | |
| v. | * | Case No.: RWT 09cv1424 |
| **CHASE,** *et al.* | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

For the reasons set forth below, the Court will deny Plaintiff Gwendolyn Jones's Motion for Remand (Paper No. 29), grant Plaintiff leave to file an amended complaint, and deny as moot without prejudice to renew Defendant Chase Home Finance, LLC's Motion to Dismiss (Paper No. 15), Defendant Real Time Resolution, Inc.'s Motion for Judgment on the Pleadings (Paper No. 17), and Defendant American Home Mortgage Servicing, Inc.'s Motion to Dismiss (Paper No. 19).

## PROCEDURAL HISTORY

On April 29, 2009, Plaintiff, proceeding *pro se*, filed a complaint in the Circuit Court for Prince George's County, Maryland, against the following four parties: Chase; Chase Home Finance, LLC; Real Time Resoulations [sic]; and American Home Mortgage, Inc. The complaint asserts causes of action for fraud, undue influence, breach of fiduciary duty, quiet title, declaratory relief, and injunctive relief.

On June 1, 2009, Defendant Chase Home Finance, LLC removed the action to this Court pursuant to 28 U.S.C. § 1441(b). Shortly thereafter, Real Time Resolutions, Inc. filed an Answer (Paper No. 13) and a Motion for Judgment on the Pleadings (Paper No. 17), Chase Home

Finance, LLC filed a Motion to Dismiss (Paper No. 15), and American Home Mortgage Servicing, Inc. (an entity that Plaintiff had attempted to serve by first class mail) filed a Motion to Dismiss (Paper No. 19).

On September 8, 2009, David A. Branch entered his appearance on behalf of Plaintiff. Plaintiff, represented by counsel, then filed an omnibus Opposition to Defendants' dispositive motions (Paper No. 30) as well as a Motion to Remand (Paper No. 29). All Defendants subsequently filed oppositions to the Motion to Remand.

## **MOTION TO REMAND**

Removal was proper under 28 U.S.C. § 1441(b). The Court has diversity jurisdiction because the amount in controversy exceeds $75,000[1] and the parties are citizens of different states. *See* 28 U.S.C. § 1332(a). The action was removable because "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Specifically, (i) Plaintiff is a citizen of Maryland; (ii) Real Time Resolutions, Inc. is a Texas corporation with its principal place of business in Texas; (iii) Chase Home Finance, LLC is a Delaware corporation with its principal place of business in New Jersey; and (iv) American Home Mortgage Servicing, Inc. is a Delaware corporation with its principal place of business in Texas.[2]

Plaintiff is incorrect that "American Home Mortgage, Inc.," nominally named as a defendant, defeats complete diversity. "American Home Mortgage, Inc.," is a defunct Maryland corporation which forfeited its charter in 1996.[3] Defunct corporate entities lack any legal

---

[1] Plaintiff does not argue that the amount in controversy requirement has not been met.

[2] The complaint also names "Chase" as a defendant, but no such entity has been served.

[3] The Notice of Removal notes that the deed of trust relating to the property at issue in this action reveals that American Brokers Conduit, a trade name owned by American Home Mortgage Corporation of Melville, New York, was the lender. *See* Notice of Removal ¶ 8 (Paper No. 1). American Home Mortgage Corporation appears to be a New York corporation with its principal place of business in Melville, New York, and is currently in bankruptcy.

capacity to sue or be sued.  *See* Md. Code. Ann., Corps. & Ass'ns § 3-515(c)(3); *FDIC v. Heidrick*, 812 F. Supp. 586, 592-93 (D. Md. 1991), *aff'd sub nom. FDIC v. American Casualty Co.*, 995 F.2d 471 (4th Cir. 1993).

Moreover, Plaintiff attempted to serve by first class mail American Home Mortgage Servicing, Inc.  This entity, as discussed above, is neither incorporated in Maryland nor principally located in Maryland.

Accordingly, this Court has subject matter jurisdiction over this action and removal was proper.

### MOTION FOR JUDGMENT ON THE PLEADINGS
### AND MOTIONS TO DISMISS

Defendant Real Time Resolutions, Inc.'s Motion for Judgment on the Pleadings (Paper No. 17) as well as Defendants Chase Home Finance, LLC and American Home Mortgage Servicing, Inc.'s Motions to Dismiss (Paper Nos. 15 & 19) argue that the *pro se* complaint should be dismissed because it fails to plead any cause of action.  Plaintiff, now represented by counsel, "acknowledges that Plaintiff has not alleged sufficient facts to support the claims in the complaint."  Pl.'s Opp'n at 1.

In her Opposition, Plaintiff requests leave to file an amended complaint should the Court deny her Motion to Remand.  *See* Fed. R. Civ. P. 15(a) (requiring leave of Court to amend complaint once twenty-one days have elapsed since service of a responsive pleading or motion under Rule 12(b), (e), or (f)).  Under Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Because Plaintiff filed her complaint *pro se* and has since retained counsel, the Court concludes that good cause to amend has been established.  *See Steinburg v. Chesterfield County Planning Comm'n*, 527 F.3d 377, 390 (4th Cir.

---

*Id.*  Accordingly, removal would have been proper even if American Home Mortgage Corporation had been named as a defendant and properly served.

2008) (explaining that leave should be freely given "unless the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile" (internal citation and quotation marks omitted)).  Accordingly, Plaintiff is directed to file an amended complaint on or before February 19, 2010.

  A separate Order follows.


<u>January 29, 2010</u>            <u>            /s/            </u>
Date                 Roger W. Titus
                   United States District Judge